United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50103

_____

DAVID A. CLEVELAND; MARK S. VOJVODICH;
ANDREW W. ASTON; BRIAN BENAVIDES,

Plaintiffs - Appellants,

versus

CITY OF ELMENDORF, TEXAS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Four police officers, formerly employed by the City of Elmendorf, contend that they are owed overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. The City asserts an exemption from the overtime provisions of the FLSA because it employs less than five police employees during any given workweek. 29 U.S.C. § 213(b)(20). The City pays three officers (a police chief and two part-time officers), but the remainder of the police force is comprised of officers commonly referred to as "non-paid regulars". Whether the four plaintiffs, who were paid officers, are owed overtime depends on whether the City's non-paid regulars are "employees" or "volunteers" under the FLSA. We hold

that the non-paid regulars are volunteers, not employees, and thus affirm the judgment of the district court.  The City of Elmendorf is exempt from the overtime pay requirements under 29 U.S.C. § 213(b)(20).

I

The City of Elmendorf, Texas is a small community with a population of approximately 664.  Approximately thirty individuals[1] worked for the police department for varying amounts of time from 2000 to 2002, but there were never more than three paid officers at any given time working for the police department -- the Chief of Police and two part-time officers.  The non-paid regulars who performed police services for the City were not paid at any time by the City.  The City did, however, maintain the police commissions of many of the non-paid regulars.[2]

---

[1]The exact number of individuals who performed law enforcement services for the City over the relevant time period is unclear from the record.  Determination of the precise number of individuals is not necessary for this decision because at least two individuals served as non-paid regulars with the department during any given workweek.

[2]A law enforcement officer in the State of Texas must be licensed by the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE") in order to be a police officer.  To maintain his license, an officer must either (1) have his police commission maintained by a law enforcement agency or (2) continue with law enforcement education classes.  See TEX. CRIM. PROC. CODE. ANN. § 2.12.  In short, working for the City as a "volunteer" meant that such individual maintained his status as a peace officer under the laws of Texas.  The record does not indicate that any cost to the City was implicated for maintenance of the commissions.

The entire police department, including non-paid regulars, resigned in early 2002. Plaintiffs-appellants Cleveland, Vojvodich, Aston, and Benavides ("Officers") contend that they were constructively discharged in 2002 because the City's actions -- alleged wage and hour violations coupled with harassing and retaliatory behavior of the City Administrator and other City Council members -- created such an intolerable situation that they were forced to resign. These allegations are not relevant to this proceeding.

In April 2002, the Officers, who all had held paid positions as either Chief of Police or part-time officers with the department, filed a complaint claiming that the City willfully and intentionally violated the FLSA by denying them overtime wages that they rightfully earned.[3] The non-paid regulars are not parties to this action. The City of Elmendorf asserted an exemption from the FLSA's maximum hour requirement under 29 U.S.C. § 213(b)(20). This provision provides that maximum hour requirements shall not apply to

> any employee of a public agency who in any
> workweek is employed in fire protection
> activities or any employee of a public agency
> who in any workweek is employed in law
> enforcement activities (including security

---

[3]The original complaint alleged a variety of claims including violations of the Texas Whistleblower Act, causes of action under Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985), failure to pay overtime in compliance with the FLSA, and retaliation under the FLSA. They also sought liquidated damages under the FLSA. The only claim on appeal is the district court's dismissal of the overtime compensation claims.

personnel in correctional institutions), if the public agency employs during the workweek less than 5 employees in fire protection or law enforcement activities, as the case may be.

29 U.S.C. § 213(b)(20). The City argued that it employed only three officers; the non-paid regulars were volunteers.

The Officers filed a Motion for Partial Summary Judgment on the issue of the City's coverage under the FLSA. The City responded with a Cross-Motion for Summary Judgment. The district court denied the Officers' Motion and granted the City's Motion for Summary Judgment. See Cleveland v. City of Elmendorf, No. SA-02-CA-0395, 2004 WL 305609 (W.D. Tex. Jan. 23, 2004). The district court, holding that the non-paid regulars were volunteers, dismissed the Officers' FLSA claims with prejudice because the City, with less than five policemen, is exempt from the FLSA. The Officers filed a timely notice of appeal.

II

A

We review a district court's order granting summary judgment de novo, applying the same standard as the district court. Manning v. Chevron Chem. Co., 332 F.3d 874, 877 (5th Cir. 2003), cert. denied, 123 S.Ct. 1060 (2004). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

4

moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

Under the FLSA, employers must pay overtime compensation to covered employees who work more than forty hours a week. 29 U.S.C. § 207(a)(1). Although the reach of the FLSA is meant to be broad, its application is not unlimited. See <u>Rutherford Food Corp. v. McComb</u>, 331 U.S. 722, 728 (1947). Congress has outlined specific exemptions to the FLSA's coverage. One such exemption excludes volunteers from employee status under the FLSA:

> The term 'employee' does not include any individual who volunteers to perform services for a public agency which is a State, a political subdivision of a State, or an interstate governmental agency, if --
> (I)  the individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual volunteered; and
> (ii) such services are not the same type of services which the individual is employed to perform for such public agency.

29 U.S.C. § 203(e)(4)(A). The FLSA does not define "volunteer", but the Secretary of Labor has issued a regulation defining "volunteer":

> An individual who performs hours of service for a public agency for civic, charitable, or humanitarian reasons, without promise, expectation or receipt of compensation for services rendered, is considered to be a volunteer during such hours.

29 C.F.R. § 553.101(a). The regulations provide examples of services which might be performed on a volunteer basis when so motivated. See 29 C.F.R. § 553.104(b). This list includes

5

auxiliary police, but the question of "volunteer" status still remains because auxiliary police are volunteers only "when so motivated". Id.

As we have earlier noted, Congress further exempts from the FLSA public agencies, and employees of public agencies, engaged in fire protection or law enforcement activities if the agency employs less than five employees during any given workweek. 29 U.S.C. § 213(b)(20). An employer claiming an exemption bears the burden of proving its exempt status, and exemptions are to be narrowly construed against the employer. Paul v. Petroleum Equip. Tools Co., 708 F.2d 168, 170 (5th Cir. 1983); see also Brennan v. Greene's Propane Gas Serv., Inc., 479 F.2d 1027, 1032 (5th Cir. 1973).

B

(1)

After referencing this groundwork, we now turn to examine more closely the regulation, and the scant case authority, dealing with the question before us: whether the non-paid regulars are "employees" or "volunteers" under the FLSA. Whether an individual is an employee or a volunteer is a question of law for the court to determine. Castillo v. Givens, 704 F.2d 181,185 (5th Cir.), cert. denied, 464 U.S. 850 (1983). The parties do not dispute that the regulation defining "volunteer" is a valid and enforceable regulation.

6

Certainly, the law requires more than simply labeling workers as volunteers to qualify for volunteer status under the FLSA. The regulatory definition of "volunteer" has two parts: (1) a civic, charitable, or humanitarian reason for performing hours of service for a public agency, and (2) an absence of a promise, expectation or receipt of compensation for the performance of those services. See 29 C.F.R. § 553.101(a); see also Krause v. Cherry Hill Fire Dist. 13, 969 F.Supp. 270, 276 (D.N.J. 1997). This definition should be interpreted in the light of the Supreme Court's definition of volunteer as "an individual who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit." Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 295 (1985) (internal citations omitted). Because this definition by the Supreme Court preceded the regulation's promulgation, it is useful in understanding the intended scope of the regulation.

Neither party argues that the non-paid regulars received or expected to receive any compensation for the services that they

7

performed.[4]   The  parties  dispute  the  interpretation  of  the motivation requirement of 29 C.F.R. § 553.101(a).

The  Officers  argue  that  the  regulation  by  its  language requires  that  volunteers  be  exclusively  motivated  by  civic, charitable, or humanitarian purposes.  In support of their narrow reading of the regulation, the Officers correctly note that the Supreme Court has directed that exemptions from the FLSA are to be construed narrowly and in favor of employees.  See Tony & Susan Alamo Found., 471 U.S. at 295-96.  The Officers draw a parallel between  the  facts  of  this  case  and  the  facts  of  Rodriguez v. Township of Holiday Lakes, 866 F.Supp. 1012 (S.D. Tex. 1994).  The court in Rodriguez held that a non-paid officer who had an explicit agreement  with  the  Township  allowing  him  to  work  as  a  police officer in order to receive additional paid employment as a road construction flagman was an employee.  Id.  "In this case, it is undisputed that Rodriguez did not act out of [a civic, charitable, or  humanitarian  motivation]  but  was  guided  solely  by  the  self-interested, though peculiar, intention of obtaining employment in Harris County."  Id. at 1019.  Non-paid regulars, the Officers

_____

[4]An  individual  may  receive  reimbursement  for  expenses, reasonable  benefits,  and  nominal  fees  without  compromising  his status as a volunteer receiving no compensation.  See 29 C.F.R. § 552.104(a).  The parties do not argue that the City's maintenance of officers' commissions rises to the level of compensation, but instead  the  Officers  argue  that  receipt  of  this  "reasonable benefit" motivated non-paid regulars to perform services for the City's police department.

8

argue, worked for the City for selfish and justifiable reasons: to maintain their police commissions.

The City, on the other hand, reads the regulation to require that an individual be motivated in part by civic, charitable or humanitarian reasons to be considered a volunteer under the FLSA. The City relies on the interpretation of the regulation advanced by the court in Todaro v. Township of Union, 40 F.Supp.2d 226, 230 (D.N.J. 1999) ("The regulatory definition does not require that the individual be exclusively, or even predominantly, motivated by 'civic, charitable, or humanitarian reasons'; therefore, the Court understands this phrase to be modified by an implied 'at least in part'."). In Todaro, the court held that officers who continued to perform unpaid services after the police chief removed their eligibility to accept jobs with private entities that required concurrent police service were volunteers, not employees, under the FLSA. Id. at 231; see also Benshoff v. City of Virginia Beach, 9 F.Supp.2d 610, 623 (E.D. Va. 1998) (holding that firefighters primarily, but not exclusively, motivated by civic, charitable and humanitarian reasons to serve uncompensated on rescue squads were volunteers). The City argues here, similarly, that motivations neither of maintenance of their commissions nor of gaining experience are of significant consequence in determining their volunteer status; that in the common-sense meaning of the word, the non-paid regulars were "volunteers".

The cases relied on by the parties are not, in fact, inapposite.[5] Both note that the definition of volunteer should be applied in a common-sense manner, which takes into account the totality of the circumstances surrounding the relationship between the individual providing services and the entity for which the services are provided. See Todaro, 40 F.Supp.2d at 230; Rodriquez, 866 F.Supp. at 1019. The factual differences in these two cases account for their different results -- in Rodriquez, the non-paid officer concurrently received other paid work as a direct result of an explicit agreement with the police force, whereas in Todaro the non-paid officers continued working for the police force with only a hope that their work might result in future paid positions. On the facts alone, the case at hand more closely resembles Todaro because the non-paid regulars were not direct beneficiaries of a tangible benefit in any respect other than that working for the City allowed them to retain their commissions as peace officers under the laws of Texas.

(2)

We now turn to synthesize and to apply the statute, the regulations, and the case law to the case before us. As we have noted, the determination of whether an individual is an employee or a volunteer under the FLSA is a question of law. Castillo, 704

---

[5]There is a dearth of case law on the issue of whether non-paid law enforcement officers constitute employees under the FLSA. Rodriquez and Todaro represent the only reported cases on this issue.

F.2d at 185. Consequently, we do not indulge in an examination of the personal motivations behind the provision of services by each individual non-paid regular. We look at the objective facts surrounding the services performed to determine whether the totality of the circumstances supports a holding that, under the statute and under the regulations, the non-paid regulars are volunteers. This totality of the circumstances inquiry is supported by the Supreme Court's definition of volunteer in <u>Tony & Susan Alamo Foundation</u>, 471 U.S. at 295. The Supreme Court determined whether non-paid regulars were volunteers by using a common-sense analysis, and there is no indication that the Department of Labor sought to reject such a notion when refining the definition in 28 C.F.R. §553.101(a).[6]

Congress did not intend the FLSA to discourage or impede volunteer activities undertaken for civic, charitable, or humanitarian purposes. 29 C.F.R. § 553.101(b). We think that a common-sense approach, supported by the statute, the regulations and their intended purpose, suggests that anyone who performs public services without the expectation of compensation, and with no tangible benefits for himself, is volunteering for civic, charitable and/or humanitarian reasons. Such an inference would seem to be especially appropriate when the services performed are

---

[6]We reserve the question of whether an individual motivated by personal purpose, rather than civic, charitable, or humanitarian purposes is a "volunteer", as suggested by the Supreme Court. <u>Tony & Susan Alamo Found.</u>, 471 U.S. at 295.

11

related to law enforcement or fire protection activities. Any individual willing to undertake the dangerous jobs of a police officer or firefighter must possess some altruistic sense of civic responsibility. See, e.g., Krause, 969 F.Supp. at 276 (noting the same for firefighters).

We now come to the final question: whether the fact that by volunteering for the City the non-paid regulars were allowed to maintain their commissions is a tangible benefit sufficient, under the totality of the circumstances, to indicate that the non-paid regulars were employees, not volunteers, under the FLSA. We think that it is not. Let us look again at what is implicated in "maintaining" one's commission.

In order to be a peace officer in the State of Texas, an individual must be both licensed by the TCLEOSE and be utilized in a capacity that is designated by Texas statute. See TEX. CRIM. PROC. CODE ANN. § 2.12. One such capacity is as a police officer of an incorporated city.[7] The only benefit that accrued to the non-paid regulars from the provision of law enforcement services to the City is that the City lists them as being commissioned when reporting to the TCLEOSE. This allows the non-paid regulars to both maintain and keep active their licenses, and to perform law enforcement services as police officers. In short, any individual wishing to

_____

[7]The parties note that in addition to employment, continuing law enforcement classes may also qualify as a designated capacity for licensing purposes.

12

act as a police officer must be "commissioned" by the city for which he serves in order legally to provide law enforcement services. This formality, although understandably required by the law, is not a tangible benefit given to the individual that is sufficient to render these non-paid regulars employees under the FLSA.[8] In essence, the non-paid regulars receive no benefit from the City other than the ability to volunteer their services in compliance with Texas law.

## III

We hold as a matter of law that, under the totality of the circumstances, this benefit provided to volunteer police officers is not sufficient to render these persons employees under the FLSA. For the reasons we have detailed above, the City of Elmendorf, in this case, is exempt from the overtime provisions of the FLSA. The judgment of the district court is

AFFIRMED.

---

[8]The Officers argue that the structure of the relationship between the non-paid regulars and the City of Elmendorf indicates an employment relationship. Such indicia of employment include formal application procedures, background checks, and required compliance with City procedures with the penalty of termination for noncompliance. While such factors may point to an employment relationship under other circumstances, see, e.g., Rodriquez, 866 F.Supp. at 1020, the Officers' argument is not persuasive in the case at hand. The regulation requires that an individual be uncompensated and properly motivated. The non-paid regulars are both uncompensated and properly motivated, and therefore, we need not inquire into the details of the other aspects of the relationship.