

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

May 16, 2018

The Honorable Luis V. Saenz
Cameron County District Attorney
964 East Harrison Street, Fourth Floor
Brownsville, Texas 78520

Opinion No. KP-0201

Re: Authority of a Justice of the Peace to hire and supervise a bailiff-and-warrant officer (RQ-0197-KP)

Dear Mr. Saenz:

You state that the Cameron County Commissioners Court authorized two county justices of the peace to each employ a "bailiff/warrant officer," one for Precinct 5, Place 2 and one for Precinct 5, Place 3.[1] At the direction of the commissioners court, you tell us each justice entered into an Interdepartmental Memorandum of Understanding ("Memorandum") with the constable for Precinct 3, listing the bailiff/warrant officer's functions and qualifications, and providing for the officer's supervision. Request Letter at 1–2.[2] The Memorandum with each justice refers to the position as a "warrant officer" or "warrant bailiff," and provides that the justice will appoint and supervise the warrant bailiff who serves the justice's court. Memorandum at 1. The Memorandum provides that the warrant bailiff will (1) perform courtroom and related functions in aid of the justice, and (2) serve warrants, subpoenas, garnishment, and other process issuing from the court that are typically served by peace officers. The Memorandum provides that the constable for Precinct 3 will "sponsor the commission of each warrant officer's [Texas Commission on Law Enforcement ("TCOLE")] certification/license as an accommodation to the judge," provide the warrant bailiff with public safety and law enforcement training, and authorize the warrant bailiffs to carry handguns and other weapons and equipment "in keeping with reasonable and accepted standards for courtroom duties." *Id.* Finally, the Memorandum requires the constable for Precinct 3 to supervise and control the warrant bailiff when performing law enforcement duties. *Id.*

You first ask whether a commissioners court may "authorize a Justice of the Peace to hire and directly supervise a bailiff/warrant officer." Request Letter at 1. The statutes do not designate any county or precinct employee's title as "warrant officer," "warrant bailiff," or any similar term.[3]

---

[1] *See* Letter from Honorable Luis V. Saenz, Cameron Cty. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Dec. 4, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

[2] *See* Interdepartmental Memorandum of Understanding between Justice of the Peace, Precinct 5, Place 2 and Constable, Precinct 3, and Interdepartmental Memorandum of Understanding between Justice of the Peace, Precinct 5, Place 3 and Constable, Precinct 3 (attached to Request Letter). The memoranda contain identical terms.

[3] The statutes refer to a "warrant officer" in three different senses, none specifically in the context of a county or precinct employee. First, a warrant officer may be a person holding a particular rank in the Texas National Guard.

Chapter 53 of the Government Code governs the appointment of bailiffs, but only those who serve specific district and county courts. *See generally* TEX. GOV'T CODE §§ 53.001–.128.[4] A justice of the peace may designate a clerk, whose duties may include administering oaths and affidavits, maintaining the central docket and judgment index, and "perform[ing] the other duties required by law and assist the judge in handling matters before the court." *Id.* § 27.056.[5] However, no statute specifically addresses the authority of a justice of the peace to appoint a bailiff by that title.

Nevertheless, a precinct officer such as a justice of the peace "who requires the services of deputies, assistants, or clerks in the performance of the officer's duties" may apply to the commissioners court for authority to appoint the employees. TEX. LOC. GOV'T CODE § 151.001(a). In counties with a population of more than 190,000, such as Cameron County, the precinct officer may seek authority "to appoint any other kinds of employees."[6] *Id.* A commissioners court receiving such an application may authorize the appointment of the requested employees. *Id.* § 151.002. Accordingly, these statutes authorize a justice court to appoint and supervise an employee to perform the traditional duties of a court bailiff, although any of the duties that require additional qualifications, such as duties performed as a peace officer, may be subject to other law. *Id.* §§ 151.001, .002.

You ask secondly whether a justice court employee is eligible to be commissioned as a Texas peace officer. Request Letter at 1. To be a peace officer in Texas, a person "must be both licensed by [TCOLE] *and* be utilized in a capacity that is designated by Texas statute." *Cleveland v. City of Elmendorf,* 388 F.3d 522, 529 (5th Cir. 2004) (citing TEX. CODE CRIM. PROC. art. 2.12). Article 2.12 of the Code of Criminal Procedure defines "peace officer" as the persons elected, appointed, or commissioned to the positions listed in that statute. TEX. CODE CRIM. PROC. art. 2.12; *see also* TEX. OCC. CODE § 1701.001(4) (defining "peace officer"). Employees of a justice court are not listed among the persons defined as peace officers in article 2.12 and therefore are not peace officers by virtue of that employment. However, the statute does not prevent those employees from qualifying as a peace officer in some other capacity recognized by the statute.

Third, you ask whether a constable in one precinct may "carry the commission" of an employee of a justice court in a different precinct. Request Letter at 1. A constable does not possess ad hoc authority to commission a person as a peace officer for positions not defined as a peace officer position under article 2.12 or other law. TEX. CODE CRIM. PROC. art. 2.12(2); *see*

---

*See* TEX. GOV'T CODE § 432.001(14). Second, warrant officers are listed as security personnel in the statute governing certain court security funds, although the statute does not otherwise define the term. *See* TEX. CODE CRIM. PROC. art. 102.017(d-1)(14). Finally, chapter 30 of the Government Code authorizes certain municipal courts of record to employ warrant officers but does not define the term. *See* TEX. GOV'T CODE § 30.00009(b). This office determined that a similar statute authorized a municipality to give a peace officer the title of warrant officer, and further, the officer's duties could include serving process and other papers and acting as a bailiff of municipal court. Tex. Att'y Gen. Op. No. JM-1222 (1990) at 2–3.

[4]The judge of specified courts may request the sheriff to deputize the court's bailiff. TEX. GOV'T CODE § 53.007(a), (b). Some specified bailiffs are statutorily designated as peace officers. *See id.* § 53.0071.

[5]The Local Government Code also authorizes a commissioners court to provide for "secretarial personnel" for a precinct officer such as a justice of the peace. TEX. LOC. GOV'T CODE § 151.901.

[6]The 2010 decennial census lists the population of Cameron County as 406,220. *See* U.S. CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2010 Census of Population: Texas Quickfacts, http://www.quickfacts.census.gov.

*also* TEX. OCC. CODE §§ 1701.001(4) (defining "peace officer" as "a person elected, employed, or appointed as a peace officer under Article 2.12 . . . or other law"), 1701.303(a) (requiring the "law enforcement agency or governmental entity that hires a person for whom a license is sought" to file the application with TCOLE). A constable possesses the authority to employ a deputy constable, who may qualify as a peace officer. *See* TEX. LOC. GOV'T CODE § 86.011(a); TEX. CODE CRIM. PROC. art. 2.12(2). A constable seeking to employ a deputy constable, however, must "show that it is necessary to appoint a deputy in order to properly handle the business of the constable's office that originates in the constable's precinct." TEX. LOC. GOV'T CODE § 86.011(a). A commissioners court may approve the appointment of a deputy constable "only if the commissioners court determines that the constable needs a deputy to handle the business originating in the precinct." *Id.* While no opinion addresses the question, a court is likely to conclude that a constable in one precinct does not possess the authority to employ, appoint, and commission a deputy to primarily perform duties for a justice court located in a different precinct. We do not address your remaining question, which you conditioned on an affirmative answer to your second and third questions.

## S U M M A R Y

Sections 151.001 and 151.002 of the Local Government Code authorize a justice court to appoint and supervise an employee to perform the traditional duties of a court bailiff for the court, although any duties that require additional qualifications, such as duties performed as a peace officer, may be subject to other law.

Employees of a justice court are not peace officers by virtue of that employment, although the statute does not prevent those employees from qualifying as a peace officer in some other capacity recognized by article 2.12 of the Code of Criminal Procedure.

A court is likely to conclude that a constable in one precinct does not possess the authority to employ, appoint, and commission a deputy to primarily perform peace officer duties for a justice court located in a different precinct.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee