**Donald Wayne ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43160.**

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Bob Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Robert R. Scott, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment five (5) years.

Appellant's first and second grounds of error are that the search of appellant and his automobile was illegal and that the evidence is not sufficient to support the conviction.

Officer Farias testified that at 1:30 a. m., while on patrol of a "back road" within the city, he and his partner came upon an automobile illegally parked behind a furniture store in the center of the road so as to prevent another automobile from passing. When the officers came to a halt near such automobile the lights on the patrol car were turned to high in order to signal the other automobile to move; the car did not move. When he and his partner alighted from the patrol car, he saw the person seated on the passenger side drop a matchbox to the ground and then attempt to flee. The officer opened the matchbox and found it to contain what appeared to be marihuana. He then instructed appellant, who was seated on the driver's side, to put his hands on the steering wheel. When Farias arrived on the driver's side and ordered appellant to get out, he saw particles of a substance which looked like that in the matchbox, all over the lap portion of appellant's pants and over the seat on the driver's side. All of this was later identified as marihuana. He then searched the automobile and found on the floor-board a burning marihuana cigarette and a whole one in the glove compartment. Both appellant and his companions were observed to be "high" on something but were not smelling of alcohol.

We have concluded that these facts authorized the search of the automobile and are sufficient to support the conviction,

under the rule announced by this Court in Salas v. State, Tex.Cr.App., 451 S.W.2d 504, and McGaskey v. State, Tex.Cr.App., 451 S.W.2d 486. Murphy v. State, Tex. Cr.App., 378 S.W.2d 73, relied upon by appellant is readily distinguishable because in that case the officers observed nothing incriminating about the appellant until after she was placed under arrest.

Finding the search to be legal and the evidence sufficient to sustain the conviction, the judgment is affirmed.