**LONGVIEW INDEPENDENT
SCHOOL DISTRICT,
Appellant,**

v.

**VIBRA–WHIRL, LTD., Appellee.**

No. 06–05–00038–CV.

Court of Appeals of Texas,
Texarkana.

Submitted May 24, 2005.

Decided Aug. 4, 2005.

Elizabeth L. DeRieux, S. Calvin Capshaw, Longview, for appellant.

Brad W. Gaswirth, David G. Surratt, Canterbury, Stuber, et al, Dallas, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Vibra–Whirl, Ltd. (VW) and Longview Independent School District (LISD) executed a written contract for the installation of a synthetic turf football field. A dispute arose, and LISD refused to pay VW. VW sued LISD for breach of contract and violation of the Prompt Pay Act, pursuant to TEX. GOV'T CODE ANN. § 2251.001–.055 (Vernon Supp.2004–2005). LISD asserted a general denial and a plea to the jurisdiction based on sovereign immunity. On January 28, 2005, the trial court denied LISD's plea to the jurisdiction and ordered VW to "amend pleadings concerning defendant's sovereign immunity." LISD timely filed its notice of interlocutory appeal pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004–2005), and moved to stay further proceedings pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) (Vernon Supp.2004–2005). The trial court stayed the proceeding March 16, 2005.

On appeal, LISD raises two issues: 1) did the trial court err in denying LISD's plea to the jurisdiction, and 2) did VW fail to state a claim pursuant to TEX. GOV'T

CODE ANN. § 2251. We affirm the trial court's order regarding the plea to the jurisdiction and find we have no jurisdiction concerning the Chapter 2251 claim.

*Standard of Review*

 Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). We review de novo a plea to the jurisdiction based on sovereign immunity because the question of whether a court has subject-matter jurisdiction is a matter of law. *Id.* at 226.

*1. Governmental Immunity Does Not Bar this Suit*

 It is well established in Texas that sovereign or governmental immunity protects governmental entities from lawsuits for damages, unless consent is given. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853–54 (Tex.2002); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). LISD is a governmental unit and thus is protected from suit by the doctrine of governmental immunity, unless waived. Governmental immunity encompasses two principles: 1) immunity from liability, and 2) immunity from suit. *It–Davy*, 74 S.W.3d at 853.

 Immunity from liability protects the State from judgments even if the Legislature has expressly given consent to the suit. *Fed. Sign*, 951 S.W.2d at 405. However, when the State contracts, the State is liable on contracts made for its benefit as if it were a private person. *Id.* Hence, when the State contracts with private citizens, it waives immunity from liability. *Id.* at 405–06. Here, LISD entered into a written contract with VW for installation of a synthetic turf football field. VW provided services of earth work, concrete work, installing storm drain pipes, a turf system, and all appurtenant work as specified in the contract. By entering the contract, LISD waived its immunity from liability.

Immunity from suit bars a suit against governmental entities unless it expressly gives its consent to the suit.[1] *See City of Texarkana v. Cities of New Boston, et al.*, 141 S.W.3d 778, 785 (Tex.App.-Texarkana 2004, pet. filed). VW argues that LISD has waived its immunity from suit by virtue of Section 11.151 of the Texas Education Code, which provides: "The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, *sue and be sued*, and receive bequests and donations or other moneys or funds coming legally into their hands." TEX. EDUC.CODE ANN. § 11.151 (Vernon Supp.2004–2005) (emphasis added).

The Texas Supreme Court has held that the phrase "sue and be sued" is quite plain and such language "gives general consent"

---

1. The Texas Legislature in 2005 enacted House Bill 2039 and amended Chapter 271 of the Texas Local Government Code to expressly waive the governmental immunity to suit for local government entities, including public school districts, if said entities enter into a contract authorized by statute or the constitution. H.B. 2039, Legislative Session (2005), *at* http://www.capitol .state.tx.us/tlo/ legislation/bill— status.htm. This bill applies to claims arising under contracts executed after September 1, 2005, "only if sovereign immu- nity has not been waived with respect to the claim before the effective date of this Act." A claim that arises under a contract executed before the effective date of this Act and with respect to which sovereign immunity has been waived is governed by the law in effect on the date the contract was executed. H.B. 2039, § 2, Legislative Session (2005), *at* http://www.capitol .state.tx.us/tlo/ legislation/bill— status.htm. Since we find sovereign immunity has been waived, this Act does not apply.

to be sued in Texas courts. *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970). Some courts have differed on the interpretation of the Texas Supreme Court language. For instance, LISD cites *City of Dallas v. Reata Construction Corporation* for the proposition that the phrase "sue and be sued" merely speaks to a school district's capacity to sue and be sued when its immunity has been waived. 83 S.W.3d 392, 394 (Tex.App.-Dallas 2002), *rev'd on other grounds*, No. 02–1031, —— S.W.3d —— (Tex. Apr. 2, 2004), 2004 WL 726906, 2004 Tex. LEXIS 303.[2]

Since *Missouri Pacific's* holding in 1970, the majority of related cases decided by the courts of appeals have similarly held that the words "sue and be sued" provide a general waiver of governmental immunity from suit and the Texas Supreme Court has continued to reaffirm this position. *See City of Texarkana*, 141 S.W.3d at 786–89. This Court has previously held that *Missouri Pacific* is binding precedent that the term "sue and be sued" authorizes general consent to sue. *Id.* at 786 n. 6.

VW argues that the Texas Supreme Court's decision in *Missouri Pacific* must now be read in light of more recent pronouncements. After the *Missouri Pacific* decision, the Texas Supreme Court in *Duhart v. State*, 610 S.W.2d 740 (Tex.1980), held that a waiver of immunity from suit must be expressed by the Legislature in clear and unambiguous language. Further, the Legislature enacted Tex. Gov't Code Ann. § 311.034 (Vernon 2005), which likewise states that a statute should not be construed as a waiver of sovereign immunity unless it was expressed in clear and unambiguous language. VW argues that,

in light of these later developments, the language granting school districts the authority to "sue and be sued" does not clearly and unambiguously effect a waiver of sovereign immunity. VW also argues that a more recent Texas Supreme Court case supports this position.

In 2002, the Texas Supreme Court's discussion of whether another statute clearly and unambiguously waived the State's immunity from suit turned on the omission of the "sue and be sued" language. *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 249 (Tex.2002). The Court reasoned that the statute in question did not waive immunity because "the only language arguably waiving sovereign immunity" (i.e., the "sue and be sued" language) was deleted from the statute, "suggesting that [the Legislature] intended to preserve counties' immunity from suit." *Id.* at 250. VW argues the Texas Supreme Court has now found that the phrase "sue and be sued" only arguably (rather than clearly and unambiguously) supports a waiver of immunity.

We disagree with this interpretation of *Pelzel.* The *Pelzel* court continued tracking the history of the interpretation of the language "sue and be sued" and cited *Missouri Pacific* as holding that it was "quite plain and gives general consent for [Brownsville Navigation District] to be sued in the courts of Texas." *Id.* at 251. We are bound by the decision of the Texas Supreme Court in *Missouri Pacific;* thus, we affirm the trial court's order denying LISD's plea to the jurisdiction.

*2. No Jurisdiction of Chapter 2251 Claim*

2. We recognize the split of authority by the courts of appeals on this issue. *See Serv. Empl. Redevelopment v. Fort Worth Indep. Sch. Dist.*, 163 S.W.3d 142 (Tex.App.-Fort Worth 2005, pet. filed) (noting that twelve cases on this matter are now pending before the Texas Supreme Court).

LISD argues that VW failed to state a cause of action under Chapter 2251 of the Texas Government Code by failing to assert that it has completed the construction and that thirty days have elapsed since the completion. The trial court denied LISD's plea to the jurisdiction and ordered VW to amend the pleading concerning LISD's sovereign immunity. Also, the trial court stayed the proceeding awaiting the outcome of the interlocutory appeal. The trial court refused to hear arguments concerning the Chapter 2251 claim at the plea to the jurisdiction hearing. The trial court order concerned only the plea to the jurisdiction and did not address the Chapter 2251 allegation.

Generally, a Texas appellate court has jurisdiction to hear an appeal only if it is from a final judgment. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if authorized by statute. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998). We have jurisdiction concerning the denial of the plea to the jurisdiction by a governmental unit as authorized by TEX. CIV. PRAC. & REM.CODE ANN. art. 51.014(a)(8). There is no statute authorizing appellate jurisdiction of an interlocutory order concerning the Chapter 2251 claim. Further, the trial court has not ruled on this issue. This Court may only review final judgments rendered at the trial court level. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985); *Shelby Operating Co. v. City of Waskom,* 964 S.W.2d 75, 84 (Tex.App.-Texarkana 1998, pet. denied) (op. on reh'g).

Finding that we have no jurisdiction regarding the Chapter 2251 claim at this juncture, we dismiss that claim for lack of jurisdiction. *See Kaplan v. Tiffany Dev. Corp.,* 69 S.W.3d 212, 217 (Tex.App.-Corpus Christi 2001, no pet.).

We affirm the trial court's order denying the plea to the jurisdiction and dismiss for lack of jurisdiction the Chapter 2251 claim.