

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00308-CV

CEN-TEX CHILDCARE, INC. F/K/A                                  APPELLANT
MESA FAMILY SERVICES, INC.

V.

SHEILA BRODERICK JOHNSON, AS                                  APPELLEES
ADMINISTRATRIX OF THE ESTATE OF
SIERRA ODOM, DECEASED;
JONATHAN ODOM, INDIVIDUALLY;
TAWNYA BALLARD, AS NEXT FRIEND
OF DANTE ANDREUS JAMIESON
BALLARD, A MINOR; AND HEATHER
JAMIESON, INDIVIDUALLY

----------

## FROM PROBATE COURT NO. 2 OF TARRANT COUNTY

----------

## OPINION

----------

## I. Introduction

Appellant Cen-Tex Childcare, Inc. f/k/a Mesa Family Services, Inc. (Cen-Tex) is a private corporation that provides foster home services pursuant to a contract with the Department of Family and Protective Services (the

Department).  After a child died following abuse by her foster parents, Appellees filed the underlying wrongful death lawsuit against Cen-Tex and others.[1] Appellees allege that Cen-Tex failed to report physical abuse and neglect, failed to properly supervise and train its employees, and negligently exercised its child-placement duties.  The trial court denied Cen-Tex's motion for summary judgment based on official immunity, and Cen-Tex filed this interlocutory appeal.

Before the court is Appellees' motion to dismiss this appeal for lack of subject matter jurisdiction.  Because we hold that civil practice and remedies code section 51.014(a)(5) does not permit immediate appellate review of the trial court's interlocutory summary judgment order, we grant Appellees' motion and dismiss this appeal for lack of subject matter jurisdiction.

## II.  Discussion

Civil practice and remedies code section 51.014(a)(5) provides that a person may file an interlocutory appeal from an order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon 2008).  Cen-Tex argues that we have jurisdiction over this interlocutory appeal because official immunity extends to private contractors of the state.  *See, e.g., Putthoff v.*

---

[1]The Appellees are Sheila Broderick Johnson, as Administratrix of the Estate of Sierra Odom, Deceased; Jonathan Odom, Individually; Tawnya Ballard, as Next Friend of Dante Andreus Jamieson Ballard, a Minor; and Heather Jamieson, Individually.

*Ancrum*, 934 S.W.2d 164, 169–70 & n.7 (Tex. App.—Fort Worth 1996, writ denied).  Appellees respond that section 51.014(a)(5) only permits interlocutory appeals by those who are officers or employees of the state and that Cen-Tex is not an officer or employee of the state.

We "have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction."  *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (citing *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998)).  The applicability of section 51.014(a) is a question of law that we review de novo.  *Id.* (citing *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007)).  When construing section 51.014, our sole objective is to give effect to the legislature's intent.  *Id.* (citing *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993)).  "In determining the Legislature's intent, we begin by looking to the plain meaning of the statute's words."  *Id.* at 840–41 (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)).  "We strictly construe Section 51.014(a) as 'a narrow exception to the general rule that only final judgments are appealable.'"  *Id.* at 841 (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)).

To appeal pursuant to section 51.014(a)(5), the appellant must be "an individual who is an officer or employee of the state or a political subdivision of the state."  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5).  Cen-Tex conceded at oral argument that it is not an "officer of the state," so it must be an employee of the state to be entitled to an interlocutory appeal pursuant to section

3

51.014(a)(5).[2]  In this regard, civil practice and remedies code section 101.001(2)

defines "employee" to mean

> a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, *but does not include an independent contractor, an agent or employee of an independent contractor*, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

*Id*. § 101.001(2) (Vernon 2011) (emphasis added).  Cen-Tex's contract with the

Department clearly defines Cen-Tex as an independent contractor.[3]  Thus,

because the definition of employee expressly excludes an independent

contractor, Cen-Tex is not an employee of the state.  *See id.*

In *Koseoglu*, the Texas Supreme Court interpreted section 51.014(a) in the

context of an appeal by a government official from an interlocutory order denying

a plea to the jurisdiction based on sovereign immunity.  *See* 233 S.W.3d at 837,

840–46.  The court specifically decided that the appellate court had jurisdiction

over the interlocutory appeal pursuant to section 51.014(a)(8), but in doing so the

court also analyzed section 51.014(a)(5).  *Id.* at 837, 842, 843.  Discussing

section 51.014(a)(5), the court stated that "there is no other way to read section

51.014(a)(5) than to conclude that only 'an individual who is an officer or

---

[2]Cen-Tex does not contend that it is an officer or employee of a political subdivision of the state.

[3]The first sentence of the contract states:  "The Texas Department of Family and Protective Services, hereinafter referred to as the Department, and Mesa Family Services, Inc., an independent contractor, hereinafter referred to as the Contractor, do hereby make and enter into this contract."  Cen-Tex was formerly known as Mesa Family Services, Inc.

4

employee of the state or a political subdivision of the state' may appeal an interlocutory order denying a motion for summary judgment" based on official immunity. *Id.* at 843.

Cen-Tex does not address *Koseoglu* but instead argues that it is entitled to seek interlocutory review of the trial court's summary judgment order because this and other Texas courts have held that official immunity extends to private parties under contract to perform governmental duties. *See Titus Reg'l Med. Ctr. v. Tretta*, 180 S.W.3d 271, 274 (Tex. App.—Texarkana 2005, no pet.); *Guerrero v. Tarrant Cnty. Mortician Servs.*, 977 S.W.2d 829, 832 (Tex. App.—Fort Worth 1998, pet. denied); *Knowles v. City of Granbury*, 953 S.W.2d 19, 24 (Tex. App.—Fort Worth 1997, pet. denied); *Putthoff*, 934 S.W.2d at 169–70 & n.7. However, Cen-Tex confuses its potential entitlement to official immunity after a final adjudication of the case with its entitlement to immediate appellate review of an interlocutory order denying a motion for summary judgment. The issue presented by Appellees' motion to dismiss is not whether Cen-Tex may ultimately be entitled to official immunity but is instead whether Cen-Tex is "an individual who is an officer or employee of the state." *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5).

None of the cases that Cen-Tex cites resolves the issue presented. *Guerrero* and *Knowles* are distinguishable because they were not interlocutory

5

appeals.[4]  *See Guerrero*, 977 S.W.2d at 831–32; *Knowles*, 953 S.W.2d at 21. Moreover, although they were both interlocutory appeals, neither *Tretta* nor *Putthoff* undertook any analysis of whether the individual or entity seeking immediate appellate review of the interlocutory orders was an individual who is an officer or employee of the state.  *See Tretta*, 180 S.W.3d at 273–74; *Putthoff*, 934 S.W.2d at 169–70 & n.7.  Further, both *Tretta* and *Putthoff* were decided before *Koseoglu*.  Regardless of whether Cen-Tex may ultimately be entitled to official immunity because of its contract with the Department, *see Tretta*, 180 S.W.3d at 274; *Guerrero*, 977 S.W.2d at 832; *Knowles*, 953 S.W.2d at 24; *Putthoff*, 934 S.W.2d at 169–70 & n.7, Cen-Tex cannot seek immediate appellate review of the trial court's interlocutory order denying its motion for summary judgment because it is not "an individual who is an officer or employee of the state."  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5); *Koseoglu*, 233 S.W.3d at 843.

We hold that we do not have jurisdiction to review the trial court's interlocutory order denying Cen-Tex's motion for summary judgment based on official immunity because Cen-Tex is not an officer or employee of the state.  *See*

---

[4]In *Knowles*, this court reaffirmed the rule that "official immunity does extend to private parties who contract to undertake governmental duties" and ultimately applied the doctrine of official immunity to the independent contractor seeking official immunity.  *See* 953 S.W.2d at 24.  Our holding today is not inconsistent with *Knowles* because *Knowles* was not an interlocutory appeal. *See id.* at 21.  The issue of whether an independent contractor may be entitled to official immunity following a full adjudication of the case is not before us.

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5); *Koseoglu*, 233 S.W.3d at 843. We therefore dismiss this appeal for lack of subject matter jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

### III.  Conclusion

In light of the foregoing, we grant Appellees' motion and dismiss this appeal for lack of subject matter jurisdiction.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: March 31, 2011