02-10-308-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00308-CV

 

 


 
 
 Cen-Tex Childcare, Inc. f/k/a Mesa Family Services,
 Inc.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Sheila Broderick Johnson, as Administratrix of the
 Estate of Sierra Odom, Deceased; Jonathan Odom, Individually; Tawnya Ballard,
 as Next Friend of Dante Andreus Jamieson Ballard, a Minor; and Heather
 Jamieson, Individually
 
 
  
 
 
 APPELLEES
 
 
 
 
 
 
 
 


 

----------

 

FROM Probate
Court No. 2 OF Tarrant COUNTY

----------

 

OPINION

----------

 

I. 
Introduction

          Appellant
Cen-Tex Childcare, Inc. f/k/a Mesa Family Services, Inc. (Cen-Tex) is a private
corporation that provides foster home services pursuant to a contract with the
Department of Family and Protective Services (the Department).  After a child
died following abuse by her foster parents, Appellees filed the underlying
wrongful death lawsuit against Cen-Tex and others.[1]
 Appellees allege that Cen-Tex failed to report physical abuse and neglect,
failed to properly supervise and train its employees, and negligently exercised
its child-placement duties.  The trial court denied Cen-Tex’s motion for
summary judgment based on official immunity, and Cen-Tex filed this
interlocutory appeal.

Before
the court is Appellees’ motion to dismiss this appeal for lack of subject
matter jurisdiction.  Because we hold that civil practice and remedies code
section 51.014(a)(5) does not permit immediate appellate review of the trial
court’s interlocutory summary judgment order, we grant Appellees’ motion and dismiss
this appeal for lack of subject matter jurisdiction.

II. 
Discussion

          Civil
practice and remedies code section 51.014(a)(5) provides that a person may file
an interlocutory appeal from an order that “denies a motion for summary
judgment that is based on an assertion of immunity by an individual who is an
officer or employee of the state or a political subdivision of the state.” 
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon 2008).  Cen-Tex
argues that we have jurisdiction over this interlocutory appeal because
official immunity extends to private contractors of the state.  See, e.g.,
Putthoff v. Ancrum, 934 S.W.2d 164, 169–70 & n.7 (Tex. App.—Fort
Worth 1996, writ denied).  Appellees respond that section 51.014(a)(5) only
permits interlocutory appeals by those who are officers or employees of the
state and that Cen-Tex is not an officer or employee of the state.

          We
“have jurisdiction to consider immediate appeals of interlocutory orders only
if a statute explicitly provides such jurisdiction.”  Tex. A&M Univ.
Sys. v. Koseoglu, 233 S.W.3d 835, 840 (Tex. 2007) (citing Stary v.
DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998)).  The applicability of section
51.014(a) is a question of law that we review de novo.  Id. (citing State
v. Holland, 221 S.W.3d 639, 642 (Tex. 2007)).  When construing section
51.014, our sole objective is to give effect to the legislature’s intent.  Id.
(citing Monsanto Co. v. Cornerstones Mun. Util. Dist., 865 S.W.2d 937,
939 (Tex. 1993)).  “In determining the Legislature’s intent, we begin by
looking to the plain meaning of the statute’s words.”  Id. at 840–41
(citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d
482, 484 (Tex. 1998)).  “We strictly construe Section 51.014(a) as ‘a narrow
exception to the general rule that only final judgments are appealable.’”  Id.
at 841 (quoting Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355
(Tex. 2001)).

To
appeal pursuant to section 51.014(a)(5), the appellant must be “an individual
who is an officer or employee of the state or a political subdivision of the
state.”  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5). 
Cen-Tex conceded at oral argument that it is not an “officer of the state,” so
it must be an employee of the state to be entitled to an interlocutory appeal
pursuant to section 51.014(a)(5).[2]  In this regard, civil
practice and remedies code section 101.001(2) defines “employee” to mean

a person, including
an officer or agent, who is in the paid service of a governmental unit by
competent authority, but does not include an independent contractor, an
agent or employee of an independent contractor, or a person who performs
tasks the details of which the governmental unit does not have the legal right
to control.

 

Id. § 101.001(2)
(Vernon 2011) (emphasis added).  Cen-Tex’s contract with the Department clearly
defines Cen-Tex as an independent contractor.[3]  Thus, because the
definition of employee expressly excludes an independent contractor, Cen-Tex is
not an employee of the state.  See id.

In Koseoglu,
the Texas Supreme Court interpreted section 51.014(a) in the context of an appeal
by a government official from an interlocutory order denying a plea to the
jurisdiction based on sovereign immunity.  See 233 S.W.3d at 837,
840–46.  The court specifically decided that the appellate court had jurisdiction
over the interlocutory appeal pursuant to section 51.014(a)(8), but in doing so
the court also analyzed section 51.014(a)(5).  Id. at 837, 842, 843. 
Discussing section 51.014(a)(5), the court stated that “there is no other way
to read section 51.014(a)(5) than to conclude that only ‘an individual who is
an officer or employee of the state or a political subdivision of the state’
may appeal an interlocutory order denying a motion for summary judgment” based
on official immunity.  Id. at 843.

Cen-Tex
does not address Koseoglu but instead argues that it is entitled to seek
interlocutory review of the trial court’s summary judgment order because this
and other Texas courts have held that official immunity extends to private
parties under contract to perform governmental duties.  See Titus Reg’l Med.
Ctr. v. Tretta, 180 S.W.3d 271, 274 (Tex. App.—Texarkana 2005, no pet.); Guerrero
v. Tarrant Cnty. Mortician Servs., 977 S.W.2d 829, 832 (Tex. App.—Fort
Worth 1998, pet. denied); Knowles v. City of Granbury, 953 S.W.2d 19, 24
(Tex. App.—Fort Worth 1997, pet. denied); Putthoff, 934 S.W.2d at 169–70
& n.7.  However, Cen-Tex confuses its potential entitlement to official
immunity after a final adjudication of the case with its entitlement to
immediate appellate review of an interlocutory order denying a motion for
summary judgment.  The issue presented by Appellees’ motion to dismiss is not
whether Cen-Tex may ultimately be entitled to official immunity but is instead
whether Cen-Tex is “an individual who is an officer or employee of the state.” 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5).

None
of the cases that Cen-Tex cites resolves the issue presented.  Guerrero
and Knowles are distinguishable because they were not interlocutory
appeals.[4]  See Guerrero,
977 S.W.2d at 831–32; Knowles, 953 S.W.2d at 21.  Moreover, although
they were both interlocutory appeals, neither Tretta nor Putthoff
undertook any analysis of whether the individual or entity seeking immediate
appellate review of the interlocutory orders was an individual who is an
officer or employee of the state.  See Tretta, 180 S.W.3d at 273–74; Putthoff,
934 S.W.2d at 169–70 & n.7.  Further, both Tretta and Putthoff
were decided before Koseoglu.  Regardless of whether Cen-Tex may
ultimately be entitled to official immunity because of its contract with the
Department, see Tretta, 180 S.W.3d at 274; Guerrero, 977 S.W.2d
at 832; Knowles, 953 S.W.2d at 24; Putthoff, 934 S.W.2d at 169–70
& n.7, Cen-Tex cannot seek immediate appellate review of the trial court’s
interlocutory order denying its motion for summary judgment because it is not
“an individual who is an officer or employee of the state.”  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(5); Koseoglu, 233 S.W.3d at
843.

We
hold that we do not have jurisdiction to review the trial court’s interlocutory
order denying Cen-Tex’s motion for summary judgment based on official immunity
because Cen-Tex is not an officer or employee of the state.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(5); Koseoglu, 233 S.W.3d at
843.  We therefore dismiss this appeal for lack of subject matter
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

III. 
Conclusion

          In
light of the foregoing, we grant Appellees’ motion and dismiss this appeal for
lack of subject matter jurisdiction.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED: March 31, 2011









[1]The Appellees are Sheila
Broderick Johnson, as Administratrix of the Estate of Sierra Odom, Deceased;
Jonathan Odom, Individually; Tawnya Ballard, as Next Friend of Dante Andreus
Jamieson Ballard, a Minor; and Heather Jamieson, Individually.





[2]Cen-Tex does not contend
that it is an officer or employee of a political subdivision of the state.





[3]The first sentence of the
contract states:  “The Texas Department of Family and Protective Services,
hereinafter referred to as the Department, and Mesa Family Services, Inc., an
independent contractor, hereinafter referred to as the Contractor, do hereby
make and enter into this contract.”  Cen-Tex was formerly known as Mesa Family
Services, Inc.





[4]In Knowles, this
court reaffirmed the rule that “official immunity does extend to private
parties who contract to undertake governmental duties” and ultimately applied
the doctrine of official immunity to the independent contractor seeking
official immunity.  See 953 S.W.2d at 24.  Our holding today is not
inconsistent with Knowles because Knowles was not an
interlocutory appeal.  See id. at 21.  The issue of whether an
independent contractor may be entitled to official immunity following a full
adjudication of the case is not before us.