METHODIST HOSPITALS OF DALLAS, d/b/a Charlton Methodist Hospital, d/b/a Methodist Health System Police Department; Kevin Quiller, TDPS License # B08726; Angela Hayes, TDPS License # C04163; Benjamin Rozzell, III, TDPS License # C07519; and, Aubrey Foster, TDPS License # C13991, Appellants,

v.

Linda Ann MILLER and Eric Lynord Wiley, Appellees.

No. 05–11–00955–CV.

Court of Appeals of Texas, Dallas.

July 10, 2012.

John Holman Barr, Burt Barr & Associates, LLP, Michael Forest Nelson, John J. Mongogna, Dallas, TX, for Appellant.

Robert G. Vial, Robert G. Vial, P.C., David W. Evans, Law Offices of David Evans, Dallas, TX, for Appellee.

Before Justices BRIDGES, LANG, and FILLMORE.

## OPINION

Opinion by Justice FILLMORE.

In a single issue, appellants Kevin Quilens (Quilens), Angela Haynes (Haynes),[1] Benjamin Rozzell, III (Rozzell), and Aubrey Foster (Foster), bring this interlocutory appeal challenging the trial court's denial of their motion for summary judgment based on the affirmative defense of official immunity.[2] Because we conclude on this record that civil practice and remedies code section 51.014(a)(5) does not permit immediate appellate review of the trial court's interlocutory summary judgment

order, we dismiss this appeal for lack of jurisdiction.

## Background

Appellees Linda Ann Miller and her son, Eric Lynord Wiley, sued Methodist Hospitals of Dallas, d/b/a Charlton Methodist Hospital, d/b/a Methodist Health System Police Department (Methodist Hospitals of Dallas), and appellants Quilens, Haynes, Rozzell, and Foster, among others,[3] based on events that occurred on August 23, 2008 at Methodist Charlton Medical Center in Dallas, Texas.

The parties' accounts of the events underlying the lawsuit differ. Eddie Nelson, a member of appellees' family, was a patient in the Intensive Care Unit (ICU) of Methodist Charlton Medical Center. Appellees' pleadings indicate that while appellees were in Nelson's ICU room, three uniformed Methodist Health System Police Department officers—Haynes, Rozzell, and Foster—approached family members in the hallway outside the ICU room and demanded that the family leave the premises of Methodist Charlton Medical Center. Appellees and the other family members left the hospital building and congregated at a bus stop located across the street from the hospital. Thereafter, according to appellees, Haynes, Rozzell, and Foster, accompanied by hospital police officer Qui-

1. The surnames of appellants Quilens and Haynes are spelled inconsistently in the record. In this opinion, we utilize the spellings contained in the verified denial that appears in Defendants Methodist Hospitals of Dallas d/b/a/ Charlton Methodist Hospital, d/b/a/ Methodist Health System Police Department, Kevin Quilens, Angela Haynes, Benjamin Rozzell, III, and Aubrey Foster's Original Answer and Plea to the Jurisdiction.

2. Although Methodist Hospitals of Dallas, d/b/a Charlton Methodist Hospital, d/b/a Methodist Health System Police Department is listed as an appellant in the case style of this appeal, appellants have not briefed any

argument with respect to that entity. *See* TEX. R.APP. P. 38.1(i). At submission, appellants' counsel acknowledged that Methodist Hospitals of Dallas is not appealing the trial court's denial of summary judgment and is not seeking any relief from the Court in this appeal.

3. Appellees also sued Contemporary Services Corporation, Amtex Security, Inc., U.S. Security Associates, Inc., and SGI Protective Services, Inc. However, those entities did not file a notice of appeal of the trial court's order denying summary judgment and are not before this Court.

lens, appeared at the bus stop. Appellants allegedly indicated that because the family had not left the hospital premises as instructed, appellees were being placed under arrest. Appellants handcuffed appellees and escorted them to the hospital police office. Appellants allegedly informed appellees they were being arrested for criminal trespass and issued appellees a summons to appear in a justice of the peace court.[4] Appellants further advised appellees that they were to stay off the hospital premises for ninety days.

Appellants' pleadings indicate that Methodist Health System Police Department officers were dispatched to the ICU unit because of a disturbance involving appellees' family members. According to appellants, officers asked certain family members, including one that was belligerent and intoxicated, to leave the hospital premises. When the intoxicated family member attempted to return to the hospital, appellees allegedly interfered with the officers' efforts to detain him on property controlled by the hospital. According to appellants, appellees were detained and given trespass warnings.

▌ Appellees sued appellants for assault and battery, false arrest, and false imprisonment. Appellants moved for summary judgment based on the affirmative defense of official immunity.[5] The trial court denied the motion for summary judgment.

### Appeal of the Trial Court's Interlocutory Summary Judgment Order

Pursuant to section 51.014(a)(5) of the civil practice and remedies code, appellants filed this interlocutory appeal of the trial court's denial of their motion for summary judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (West Supp.2011). According to appellants, this interlocutory appeal concerns the scope of immunity, privileges, and powers afforded licensed police officers commissioned by a private, nonprofit medical corporation under education code section 51.214. *See* TEX. EDUC. CODE ANN. § 51.214 (West Supp.2011).[6]

Appellees filed a motion to dismiss the interlocutory appeal, asserting this Court lacks jurisdiction. In contesting the jurisdiction of this Court over the interlocutory appeal, appellees make two arguments. First, appellees argue that appellants failed to prove as a matter of law that section 51.214 of the education code applies to them. The point of this first argument appears to be that if appellants are not entitled to assert official immunity under section 51.214 of the education code, they

---

4. The record indicates appellees were issued a trespass warning and released; they were not arrested and placed in jail pending an appearance before a magistrate.

5. "Official immunity," "qualified immunity," "quasi-judicial immunity," and "good faith immunity" are "all terms used interchangeably to refer to the same affirmative defense available to governmental employees sued in their individual capacities." *Baylor College of Med. v. Hernandez*, 208 S.W.3d 4, 11 n. 7 (Tex.App.-Houston [14th Dist.] 2006, pet. denied); *see also City of Houston v. Kilburn*, 849 S.W.2d 810, 812 n. 1 (Tex.1993). "We have jurisdiction to consider an interlocutory appeal of a motion for summary judgment based on an official's assertion of the elements of official immunity, regardless of the specific term used to refer to 'official immunity.'" *Hernandez*, 208 S.W.3d at 11 n. 7.

6. Section 51.214(a) was amended effective September 1, 2011, after the July 14, 2011 order denying appellants' motion for summary judgment. *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 1163, § 11, 2011 Tex. Sess. Law Serv. 3024, 3026–27 (West 2011). We cite the current statute for convenience as the amendments to section 51.214(a) are not determinative of the outcome of this appeal.

cannot fall within the scope of section 51.014(a)(5) of the civil practice and remedies code authorizing an interlocutory appeal. Second, appellees argue that section 51.014(a)(5) of the civil practice and remedies code does not authorize this interlocutory appeal because appellants are not officers or employees of the state or a political subdivision of the state. We must resolve appellees' jurisdictional issue before we may address the merits of the interlocutory appeal. We conclude on this record that, for purposes of applying section 51.014(a)(5) of the civil practice and remedies code, appellants have not established that they are entitled to assert official immunity. Accordingly, we have no jurisdiction in this matter and we must dismiss the appeal without reaching the merits of appellants' issues.

### Standard of Review

■ Appellate jurisdiction is never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex.App.-Dallas 2009, no pet.). This Court is obliged to determine issues affecting our jurisdiction over an appeal. *Dillard's, Inc. v. Newman*, 299 S.W.3d 144, 147 (Tex.App.-Amarillo 2008, pet. denied) (citing *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex.1990)). An appellate court reviews de novo whether it has jurisdiction over an appeal because jurisdiction is a legal question. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 735 (Tex.App.-Dallas 2007, pet. denied).

■ As a general rule, a judgment must be final before it can be appealed. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). Our jurisdiction over interlocutory appeals is a narrow exception to the general rule that we may only consider final judgments and orders. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex.2001). The statute controlling appeals from interlocutory orders, section 51.014(a) of the civil practice and remedies code, allows for interlocutory appeals only under limited circumstances. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a). The applicability of section 51.014(a) is a question of law that we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

### Analysis

■ Section 51.014(a)(5) of the civil practice and remedies code provides that a person may appeal from an interlocutory order of a district court, county court at law, or county court denying a motion for summary judgment "that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5); *see also Koseoglu*, 233 S.W.3d at 843 ("[T]here is no other way to read Section 51.014(a)(5) than to conclude that only 'an individual who is an officer or employee of the state or a political subdivision of the state' may appeal an interlocutory order denying a motion for summary judgment.' "); *Cen–Tex Childcare, Inc. v. Johnson*, 339 S.W.3d 734, 736 (Tex.App.-Fort Worth 2011, no pet.) (in order to appeal pursuant to section 51.014(a)(5), appellant must be an "individual who is an officer or employee of the state or a political subdivision of the state"). Official immunity is a common law affirmative defense rendering officials immune from both liability and suit. *See Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 422 (Tex.2004) (discussing immunity from suit); *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex.1995) (discussing im-

munity from liability); *see also See Filarsky v. Delia,* — U.S. ——, 132 S.Ct. 1657, 1660, 182 L.Ed.2d 662 (2012) ("At common law, those who carried out the work of government enjoyed various protections from liability when doing so, in order to allow them to serve the government without undue fear of personal exposure."). Because the doctrine of official immunity is an affirmative defense, to prevail on summary judgment, a movant must establish conclusively each element of this affirmative defense. *See Kassen v. Hatley,* 887 S.W.2d 4, 8 (Tex.1994); *see also Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1965) (defendant "who conclusively establishes all of the elements of an affirmative defense is entitled to summary judgment"). Thus, the burden was on appellants to establish they were (1) government officers or employees (2) sued in their individual capacities,[7] entitled to official immunity from a suit arising from (3) performing a discretionary duty (4) in good faith (5) within the scope of their authority. *See Telthorster v. Tennell,* 92 S.W.3d 457, 461 (Tex.2002); *see also Ballantyne,* 144 S.W.3d at 424 (elements of official immunity are whether individuals were (1) acting within the scope of their authority (2) in performing their discretionary duties (3) in good faith).

The threshold issue for determination of appellants' entitlement to an interlocutory appeal of the denial of their motion for summary judgment on the affirmative defense of official immunity is whether appellants were officers or employees of the state or a political subdivision of the state. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5). It is undisputed that at the time of the incident at issue in this lawsuit, appellees were licensed by the Commission on Law Enforcement Officer Standards and Education[8] and employed and commissioned by Methodist Hospitals of Dallas, a private, nonprofit medical corporation, as hospital police officers.

Appellants do not contend they are employees of the state or a political subdivision of the state. Appellants contend that pursuant to section 51.214 of the education code, they have "official immunity equal to that of state employed peace officers" while on duty at Methodist Hospitals of Dallas. Accordingly, appellants assert that because they have official immunity equal to that of a state-employed peace officer, they should be considered government employees for purposes of section 51.014(a)(5) of the civil practice and remedies code.

The occupations code provides that "peace officer" means "a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, or the law." TEX. OCC.CODE ANN. § 1701.001(4) (West 2012); *see also Cleveland v. City of Elmendorf, Tex.,* 388 F.3d 522, 529 (5th Cir.2004) ("In order to be a peace officer in the State of Texas, an individual must be both licensed by the [Texas Commission on Law Enforcement Officer Standards and Education] *and* be utilized in a capacity that is designated by Texas statute.") (emphasis in original) (citing TEX.CODE CRIM. PROC. ANN. art. 2.12). Article 2.12(8) of the code of criminal procedure provides that "officers commissioned under Section 37.081, Education Code, or Subchapter E, Chapter 51, Education Code" are peace officers. TEX.CODE

---

7. It is undisputed that appellants are sued in their individual capacities.

8. *See* TEX. OCC.CODE ANN. § 1701.307 (West2012) (Commission on Law Enforce- ment Officer Standards and Education shall issue an appropriate license to a person who satisfies the statutory requirements).

CRIM. PROC. ANN. art. 2.12(8) (West Supp. 2011).[9]

In pertinent part, section 51.214 of the education code provides:

(a) In any municipality with a population of 1.18 million or more located primarily in a county with a population of 2 million or more, the governing board of a private, nonprofit medical corporation, or of the parent corporation of such medical corporation, that provides police or security services for an institution of higher education or a private postsecondary educational institution and other entities located within one of the medical corporation's or parent corporation's medical complexes, or that provides police or security services for another medical complex legally affiliated with or owned, leased, managed, or controlled by the medical corporation or parent corporation, may employ and commission police or security personnel to enforce the law of this state within the jurisdiction designated by Subsection (c).

(b) An officer commissioned under this section may make arrests and has all the powers, privileges, and immunities of a peace officer while performing the officer's assigned duties within the jurisdiction designated by Subsection (c).

\*     \*     \*

(d) An officer commissioned under this section is not entitled to compensation or benefits provided by this state or a political subdivision of this state.

TEX. EDUC.CODE ANN. § 51.214 (West Supp. 2011); *see also* TEX. EDUC.CODE ANN. § 51.212(a)(1) (West Supp.2011) ("governing boards of private institutions of higher education, including private junior colleges, are authorized to employ and commission peace officers for the purpose of enforcing state law on the campuses of private institutions of higher education").

Appellants assert Methodist Hospitals of Dallas satisfied each prong of section 51.214 of the education code. According to appellants, Methodist Hospitals of Dallas is a private postsecondary educational institution under section 61.302 of the education code. Section 61.302 provides:

"Private postsecondary educational institution" or "institution" means an educational institution which:

(A) is not an institution of higher education as defined by Section 61.003;

(B) is incorporated under the laws of this state, maintains a place of business in this state, has a representative present in this state, or solicits business in this state; and

(C) furnishes or offers to furnish courses of instruction in person, by electronic media, or by correspondence leading to a degree or providing credits alleged to be applicable to a degree.

TEX. EDUC.CODE ANN. § 61.302(2) (West 2006). Appellants therefore argue that they are entitled to the immunities of a peace officer in connection with the work performed for Methodist Hospitals of Dallas.

To be entitled to summary judgment on the affirmative defense of official immunity, appellants were required to show that they were peace officers commissioned under section 51.214 of the education code at the time of the events at issue in the underlying lawsuit. In support of this element of the affirmative defense of official

9. In the penal code, "peace officer" means "a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, Section 51.212 or 51.214, Education Code, or other law." TEX. PENAL CODE ANN. § 1.07(a)(36) (West Supp. 2011).

immunity, there is a dearth of proof, consisting solely of the affidavit of Pamela J. Stoyanoff, Chief Operating Officer of Methodist Hospitals of Dallas.[10] In her affidavit, Stoyanoff attested she has personal knowledge of the statements in her affidavit and "Methodist [Hospitals of Dallas] is a teaching hospital that operates as a component part of a general academic teaching institution. Methodist [Hospitals of Dallas] provides security services for an institution of higher education as well as for branches of its medical corporation."

■■■■ Appellees contend the statements quoted above from Stoyanoff's affidavit are conclusory and, therefore, not competent summary judgment proof. *See Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984) ("A legal conclusion in an affidavit is insufficient to raise an issue of fact in response to a motion for summary judgment or to establish the existence of fact in support of a motion for summary judgment."); *Welch v. Milton*, 185 S.W.3d 586, 594 (Tex.App.-Dallas 2006, pet. denied) (conclusory statements are not proper summary judgment proof).[11] We agree.

In their brief, appellants state "Methodist Charlton Medical Center—a medical complex owned by Methodist Hospitals of Dallas is a teaching and community hospital in Dallas, Texas" and "as a teaching hospital, Methodist [Hospitals of Dallas] furnished courses of instruction in person that would lead to a medical degree."

Other than the conclusory statement by Stoyanoff that Methodist Hospitals of Dallas is a teaching hospital, nothing in the summary judgment proof was evidence that Methodist Charlton Medical Center is owned by Methodist Hospitals of Dallas, is a teaching and community hospital, or furnished courses of instruction that would lead to a medical degree.

In her affidavit, Stoyanoff makes the additional conclusory statement that Methodist Hospitals of Dallas operates as a component part of a general academic teaching institution. Section 61.003(3) of the education code defines "general academic teaching institution" as:

> The University of Texas at Austin; The University of Texas at El Paso; The University of Texas of the Permian Basin; The University of Texas at Dallas; The University of Texas at San Antonio; Texas A & M University, Main University; The University of Texas at Arlington; Tarleton State University; Prairie View A & M University; Texas Maritime Academy; Texas Tech University; University of North Texas; Lamar University; Lamar State College—Orange; Lamar State College—Port Arthur; Texas A & M University—Kingsville; Texas A & M University—Corpus Christi; Texas Woman's University; Texas Southern University; Midwestern State University; University of Houston; University of Texas—Pan American; The University of Texas at

---

**10.** The affidavit of Michael Barber, a Captain with the Methodist Hospitals of Dallas Police Department, indicates that each appellant held a Texas Peace Officer License issued by the Commission on Law Enforcement Officer Standards and Education. The appellants' licenses are attached to Barber's affidavit. While the licenses indicate appellants are employed by the Methodist Medical Center Police Department, the licenses do not specify the statutory authority under which they were issued.

**11.** A defect in the substance of an affidavit is not waived by failure to obtain a ruling from the trial court on the objection and may be raised for the first time on appeal. *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Substantive defects are those that leave the evidence legally insufficient. *Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 374 (Tex.App.-Dallas 2011, no pet.).

Brownsville; Texas A & M University—Commerce; Sam Houston State University; Texas State University—San Marcos; West Texas A & M University; Stephen F. Austin State University; Sul Ross State University; Angelo State University; The University of Texas at Tyler; and any other college, university, or institution so classified as provided in this chapter or created and so classified, expressly or impliedly, by law.

Tex. Educ.Code Ann. § 61.003(3) (West 2011). Methodist Hospitals of Dallas is not included in the definition of "general academic teaching institution" as contained in section 61.003(3) of the education code, and appellants' summary judgment proof fails to establish the identity of a general academic teaching institution as to which Methodist Hospitals of Dallas "operates as a component part."

Finally, Stoyanoff's affidavit makes the conclusory statement that "Methodist [Hospitals of Dallas] provides security services for an institution of higher education." Section 61.003(8) of the education code defines "institution of higher education" to be "any public technical institute, public junior college, public senior college or university, medical or dental unit, public state college, or other agency of higher education as defined in this section." Tex. Educ.Code Ann. § 61.003(8). Education Code section 61.003(5) defines "medical and dental unit" to mean:

The Texas A & M University System Health Science Center and its component institutions, agencies, and programs; The University of Texas Medical Branch at Galveston; The University of Texas Southwestern Medical Center at Dallas; The University of Texas Medical School at San Antonio; The University of Texas Dental Branch at Houston; The University of Texas M.D. Anderson Cancer Center; The University of Texas

Graduate School of Biomedical Sciences at Houston; The University of Texas Dental School at San Antonio; The University of Texas Medical School at Houston; The University of Texas Health Science Center—South Texas and its component institutions, if established under Subchapter N, Chapter 74; the nursing institutions of The Texas A & M University System and The University of Texas System; and The University of Texas School of Public Health at Houston; and such other medical or dental schools as may be established by statute or as provided in this chapter.

Tex. Educ.Code Ann. § 61.003(5). "Other agency of higher education" means:

The University of Texas System, System Administration; Texas Western University Museum; Texas A & M University System, Administrative and General Offices; Texas Agricultural Experiment Station; Texas Agricultural Extension Service; Rodent and Predatory Animal Control Service (a part of the Texas Agricultural Extension Service); Texas Engineering Experiment Station (including the Texas Transportation Institution); Texas Engineering Extension Service; Texas Forest Service; Texas Tech University Museum; Texas State University System, System Administration; Sam Houston Memorial Museum; Panhandle–Plains Historical Museum; Cotton Research Committee of Texas; Water Resources Institute of Texas; Texas Veterinary Medical Diagnostic Laboratory; and any other unit, division, institution, or agency which shall be so designated by statute or which may be established to operate as a component part of any public senior college or university, or which may be so classified as provided in this chapter.

Tex. Educ.Code Ann. § 61.003(6). Methodist Hospitals of Dallas is not included in

the definition of "medical and dental unit" or "other agency of higher education" as contained in sections 611.003(5) and 61.003(8) of the education code, respectively, and appellants' summary judgment proof fails to establish the identity of an institution of higher education for which Methodist Hospitals of Dallas provides "security services." On this record, consisting solely of the Stoyanoff affidavit, we are unable to conclude appellants met their summary judgment burden of establishing as a matter of law that they were peace officers commissioned under section 51.214 of the education code at the time of the events at issue in the underlying lawsuit and therefore entitled to official immunity.

Appellants rely on *Klein v. Hernandez*, 315 S.W.3d 1 (Tex.2010), for the proposition that the Texas Supreme Court has held the legislature, by statute, can extend state employee immunity to privately employed persons, and they assert *Klein*'s "reasoning would apply to the Appellants, as commissioned peace officers" under section 51.214 of the education code. *Klein* is unavailing to appellants because they have not shown on this record they are entitled to the immunities of government peace officers, and because the education code does not expressly designate their employer a government agency or designate them government officers or employees.

In *Klein*, a patient brought suit against a private medical school and a resident physician, Dr. Klein, for medical malpractice. The issue was whether a resident physician working at a public hospital, Ben Taub General Hospital (Ben Taub), under an agreement with his private medical school, could take an interlocutory appeal under section 51.014(a)(5) of the civil practice and remedies code of a trial court order denying a motion for summary judgment based on official immunity. Dr. Klein contended that section 312.007(a) of

the health and safety code classified him as a state employee for purposes of his work at Ben Taub. Section 312.007(a) provides:

A medical and dental unit, supported medical or dental school, or coordinating entity is *a state agency*, and a director, trustee, officer, intern, resident, fellow, faculty member, or other associated health care professional or employee of a medical and dental unit, supported medical or dental school, or coordinating entity *is an employee of a state agency* for purposes of ... determining the liability, if any, of the person for the person's acts or omissions while engaged in the coordinated or cooperative activities of the unit, school, or entity.

TEX. HEALTH & SAFETY CODE ANN. CIV. PRAC. & REM.CODE ANN. § 312.007(a) (West 2010)(emphasis added).

Ben Taub is a part of the Harris County Hospital District (the Harris County District), a political subdivision of the State. *See* TEX. HEALTH & SAFETY CODE ANN. § 281.002(a) (West 2010) (county with at least 190,000 inhabitants that does not own or operate a hospital system for indigent or needy persons may create countywide hospital district). The Harris County District and its hospitals are "governmental units." *Klein*, 315 S.W.3d at 7; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3) (West 2011) (defining "governmental unit"). Baylor College of Medicine, a private, nonprofit medical school, is also a "supported medical school," which means that it has contracts with the Texas Higher Education Coordinating Board and receives state funding specifically allocated for training physicians who provide medical care at public hospitals such as Ben Taub. *Klein*, 315 S.W.3d at 2, 7; *see also* TEX. HEALTH & SAFETY CODE ANN. § 312.002(6) (West 2010) ("supported medical or dental school" means "medical school or dental school organized as non-

profit corporation that is under contract with the Texas Higher Education Coordinating Board to provide educational services under Subchapter D, Chapter 61, Education Code"). Baylor College of Medicine and the University of Texas Medical School at Houston (UT), through the coordinating entity Affiliated Medical Services (AMS), agreed to provide medical care and services, and conduct medical education, training and research activities at Ben Taub and other public hospital facilities and clinics owned and operated by the Harris County District. *See* TEX. HEALTH & SAFETY CODE ANN. § 312.002(3) ("Coordinating entity" means "a nonprofit corporation under the Texas Non–Profit Corporation Act (Article 1396–1.01 et seq., Vernon's Texas Civil Statutes) that is a health organization approved and certified by the Texas State Board of Medical Examiners under Chapter 162, Occupations Code."); *see also* TEX. HEALTH & SAFETY CODE ANN. § 312.003 (West 2010) (Chapter 312 "applies only if a medical and dental unit and a supported medical or dental school agree, either directly or through a coordinating entity, to provide or cause to be provided medical, dental, or clinical education, training, or research activities in a coordinated or cooperative manner in a public hospital."). The Commissioner of Health approved the agreement between Baylor College of Medicine and UT regarding AMS, and the State Board of Medical Examiners certified AMS as a nonprofit corporation organized to benefit the public. Under the agreement, Baylor College of Medicine provided obstetrical and gynecological medical care services at Ben Taub. Dr. Klein was a Baylor College of Medicine resident physician at Ben Taub under this arrangement when he delivered the medical care at issue. *Klein*, 315 S.W.3d at 7–8.

The Texas Supreme Court concluded that "by statute, a resident physician at a private medical school is to be treated like a state employee for purposes of [civil practice and remedies code] section 51.014(5) when the underlying litigation arises from a residency program coordinated through a supported medical school at a public hospital." *Klein*, 315 S.W.3d at 2. Health and safety code section 312.002(6) expressly made Baylor College of Medicine a "state agency" for certain purposes, including its services at Ben Taub. *See* TEX. HEALTH & SAFETY CODE ANN. § 312.002(6). The health and safety code also expressly made Dr. Klein a state employee for the same purposes. *Klein*, 315 S.W.3d at 8; *see* TEX. HEALTH & SAFETY CODE ANN. § 312.007(a). As an employee of a state agency, complaining about the denial of his motion for summary judgment based on an assertion of immunity, Dr. Klein was entitled to bring an interlocutory appeal "like any other state employee." *Klein*, 315 S.W.3d at 8.

The law governing this appeal is materially different than the law applied by the Supreme Court in *Klein*. In *Klein*, the Court observed that the health and safety code expressly classified Baylor College of Medicine as a state agency for certain purposes, including liability, and expressly classified resident physicians like Dr. Klein as state agency employees for certain purposes, including liability. In contrast to *Klein*, the language of section 51.214 of the education code does not expressly classify a private postsecondary educational institution as a state agency, or expressly classify peace officers commissioned under that section as state employees, for purposes of liability or any other purpose.

In *Franka v. Velasquez*, 332 S.W.3d 367 (Tex.2011), the Texas Supreme Court concluded that summary judgment proof failed to establish as a matter of law that a resident physician was an employee of a governmental unit. *Id.* at 375. Dr. Red-

dy, the resident physician, argued that section 312.007(a) of the health and safety code made her a government employee for purposes of the Texas Tort Claims Act.[12] She delivered the medical care at issue at University Hospital, a public teaching hospital owned and operated by the Bexar County Hospital District (the Bexar County District) doing business as the University Health System. The hospital was staffed with medical faculty, resident physicians, and students of the University of Texas Health Science Center. Dr. Reddy was a resident physician in the Center's program under a three-party "Graduate Medical Education Agreement," in which she, the Center (a governmental unit), and the Bexar County District (a governmental unit) agreed the Bexar County District would compensate her but would have no legal right to control the details of her work. *Id.* at 373. Dr. Reddy acknowledged that the applicability of health and safety code section 312.007(a) was conditioned on the existence of an agreement prescribed by section 312.003, and she argued that the "Graduate Medical Education Agreement" was such an agreement on its face. However, a supported medical

or dental school was not a party to the agreement, and the record did not reflect whether the "Graduate Medical Education Agreement, or even the program it facilitated" was approved by the Texas Board of Health under the health and safety code. *Id.* at 375.[13] Like the case at bar, the summary judgment proof in *Franka* failed to establish as a matter of law the affirmative defense of official immunity.

Based on this record, we conclude appellants failed to conclusively demonstrate as a matter of law that they were peace officers commissioned under section 51.214 of the education code and therefore entitled to bring an interlocutory appeal from the denial of their summary judgment based on the affirmative defense of official immunity. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5). Thus, this Court lacks jurisdiction to hear this interlocutory appeal.

## Conclusion

We dismiss this appeal for lack of jurisdiction. *See* Tex.R.App. P. 42.3(a). By separate order issued in conjunction with

---

12. "Employee" is defined under the Texas Tort Claims Act as:

a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

Tex. Civ. Prac. & Rem.Code Ann. § 101.001(2).

13. In pertinent part, section 312.004 of the health and safety code provides:

(a) Medical and dental units, supported medical or dental schools, coordinating entities, and public hospitals may make and perform contracts among each other for the coordinated or cooperative clinical education of the students, interns, residents, and fellows enrolled at the units or schools.

(b) Medical and dental units and supported medical or dental schools may undertake coordination or cooperation of clinical education directly or through a coordinating entity.

(c) A medical and dental unit, a supported medical or dental school, and a coordinating entity may contract with the owner or operator of a public hospital for the clinical education of students, interns, residents, and fellows enrolled at the unit or school.

Tex. Health & Safety Code Ann. § 312.004 (West 2010). Section 312.005 states that to be effective, a contract under section 312.004 must be submitted to the Texas Board of Health (the Board), and the commissioner of health shall review the contract on behalf of the Board and shall approve the contract if the commissioner finds the contract furthers the purposes of chapter 312. *Id.* at § 312.005(a) & (b) (West.2010).

this opinion, we grant appellees' motion to dismiss for lack of jurisdiction.